**DISTRICT OF COLUMBIA, Petitioner,**

v.

**SPORT FISHING INSTITUTE, Respondent.**

**No. 13908.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1958.

Decided Feb. 6, 1958.

Petition for Rehearing Denied March 4, 1958.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Robert E. McCally, Asst. Corp. Counsel, Washington, D. C., were on the brief, for petitioner.

Mr. Martin Martino, Washington, D. C., with whom Mr. P. Bateman Ennis, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

We are to review a ruling of the District of Columbia Tax Court that the Sport Fishing Institute, a District of Columbia corporation that has no capital stock and pays no dividends, is within the meaning of a statute exempting from taxation " * * * scientific institutions incorporated under the laws of the United States or of the District of Columbia and not conducted for private gain." D.C.Code 1951, § 47-1208.

The Tax Court found that the Institute "is controlled by the Associated Fishing Tackle Manufacturers and the members thereof. It is a subsidiary to that association. It exists and is conducted in the interest of that association and of the members thereof through the increase of the fish population and of the locale and opportunities for sport fishing." In its opinion the court said: "While the petitioner has no stock and distributes no profits,—in fact earns no profits, it was organized and exists primarily for the financial and commercial benefit and advantage of a group of fishing tackle manufacturers,—indirect, it is true, but still real and substantial."

We need not consider whether the Institute is a "scientific institution." Since it "exists primarily for the financial and commercial benefit" of a private group, it seems to us that the Tax Court was clearly wrong in concluding that it is "not conducted for private gain".

The Tax Court cited District of Columbia v. Mt. Vernon Seminary, 69 App.D.C. 251, 253, 100 F.2d 116, 118. We think now, as we did then, that the Seminary was entitled to the exemption claimed. The Seminary had no commer-

cial purposes. We said it was "the evident intention of the statute to exempt all institutions, educational in nature, which are not commercial in their purpose." As the Tax Court has pointed out, we also said: "The term 'private gain,' as used in the statute, has reference only to gain realized by any individual or stockholder who has a pecuniary interest in the corporation * * *." But this latter statement was not necessary to our decision. It can be considered correct only if the term "pecuniary interest" is interpreted very broadly.

Reversed.